Filed 10/7/22  P. v. Harper CA4/1
Opinion following transfer from Supreme Court

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

OPINION AFTER TRANSFER FROM THE CALIFORNIA SUPREME COURT

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JULIE E. HARPER,<br><br>    Defendant and Appellant. | D074943<br><br><br>(Super. Ct. No. SCN308840) |

APPEAL from a judgment of the Superior Court of San Diego County, Blaine K. Bowman, Judge.  Judgment of conviction affirmed; sentence vacated and remanded for resentencing.

Cynthia Grimm, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Julie L. Garland, Senior Assistant Attorney General, Steve Oetting and Daniel J. Hilton, Deputy Attorneys General for Plaintiff and Respondent.

A jury convicted Julie Harper of second degree murder of her husband Jason Harper and found true allegations that she personally discharged a

firearm (Pen. Code,[1] § 12022.5, subd. (a)) and that the firearm's discharge resulted in Jason Harper's death (§ 12022.53, subd. (d)). The court sentenced her to 40 years to life in prison: 15 years to life for the murder conviction plus 25 years to life for the section 12022.53, subdivision (d) firearm enhancement. The court stayed a 10-year term for the section 12022.5, subdivision (a) firearm enhancement.

This is our third time considering Harper's sentence; in her first appeal, we remanded the matter so the trial court could exercise newly-granted discretion in section 1385 (Sen. Bill No. 620) as to whether to strike the firearm enhancements. (*People v. Harper* (Jan. 5, 2018, D069632) [nonpub. opn.].) The trial court declined to strike the section 12022.53, subdivision (d) firearm enhancement.[2]

---

[1] Undesignated statutory references are to the Penal Code.

[2] At Harper's October 2018 resentencing hearing, the court observed: "Now at sentencing the court did not have discretion to strike the gun allegation and it was imposed. The court does have discretion at this point. So the only issue that the court has to decide now is whether the interest of justice would be served by striking the gun allegation pursuant to [section] 12022.53[, subdivision] (d). The court can consider all the facts of the case, the impact to the victim's family, all the circumstances that are present in this case. This court, obviously, is very familiar with the facts of the case

Harper again appealed. In that second appeal (*People v. Harper* (Feb. 26, 2020, D074943) [nonpub. opn.]), Harper argued in part that she was entitled to a remand under *People v. Morrison* (2019) 34 Cal.App.5th 217 because the trial court was not aware of its discretion to impose a lesser, uncharged gun enhancement under section 12022.53, subdivisions (b) or (c). She also argued the court abused its discretion and violated her due process rights by declining to strike the enhancement. We rejected the arguments and affirmed the trial court's decisions. In part, we held remand was not required because the court was presented with a lesser sentencing option than the 25-year-to-life firearm enhancement and was thus aware of the scope of its discretion. (*People v. Harper, supra*, D074943.)

---

. . . . The court can consider all of those factors in determining whether or not to strike the allegation." The court placed "great weight" on the fact Harper used a gun. It stated: "[T]he court believes that Jason Harper would still be alive today without the introduction of this gun into this case. Could you have stabbed him to death? Could you have beat him to death with a baseball [bat], as your defense attorney suggests? Yes. But that's why the legislature imposes such harsh penalties when someone uses a gun, because it's very impersonal. All it takes is the pulling of a trigger. It does not take repeated stabbing. It does not take repeated blows with a baseball bat to effectuate the killing. It is very impersonal, very easy. But most importantly, that decision that you made that day was final and it was irreversible. Once you pulled that trigger and ended Jason Harper's life there was nothing anybody could do to bring him back and that is what led to the devastation and broken hearts that resulted from your killing your husband. [¶] So the question is, would the interest of justice be furthered by striking the use of the gun allegation? I've given this a great deal of thought. I've considered the length of the sentence, the 25 years to life imposed for it. [¶] The court did not have discretion at the time of sentencing but the court does now. [¶] The court finds that the interest of justice clearly would not be furthered by striking the gun allegation and reducing the sentence. [¶] Therefore, the sentence of 40 years to life will remain. The defense motion to strike the allegation and reduce the sentence is denied."

The California Supreme Court granted Harper's petition for review.  In May 2022, it transferred the matter back to this court with directions to vacate our decision and reconsider the cause in light of *People v. Tirado* (2022) 12 Cal.5th 688 (*Tirado*).  Harper has filed a supplemental brief; the People have not responded.

## DISCUSSION[3]

### I. *Remand for Resentencing Is Appropriate*

#### A.  People v. Tirado

Harper contends that her matter must be remanded for a full resentencing hearing to allow the court to exercise its discretion to strike the section 12022.53, subdivision (d) enhancement and impose punishment under a lesser firearm enhancement under *Tirado, supra*, 12 Cal.5th 688, and to apply other new laws applicable to her sentence.

In *Tirado, supra*, 12 Cal.5th 688, the California Supreme Court—resolving the conflict between *People v. Morrison, supra*, 34 Cal.App.5th 217 and other Court of Appeal decisions—held that the "statutory framework" of section 12022.53, as amended by Senate Bill No. 620, "permits a court to strike the section 12022.53[, subdivision] (d) enhancement found true by the jury and to impose a lesser uncharged statutory enhancement instead." (*Tirado,* at p. 692.)  "When an accusatory pleading alleges and the jury finds true the facts supporting a section 12022.53[, subdivision] (d) enhancement, and the court determines that the section 12022.53 [, subdivision] (d) enhancement should be struck or dismissed under section 12022.53[, subdivision] (h), the court may, under section 12022.53 [, subdivision] (j), impose an enhancement under section 12022.53

---

[3]     The facts of the underlying offense are recounted in our prior opinions and need not be repeated here.

[, subdivisions] (b) or (c)." (*Id.* at p. 700.) "[T]he Legislature has permitted courts to impose the penalties under section 12022.53[, subdivisions] (b), (c), or (d) so long as the existence of facts required by the relevant subdivision has been alleged and found true." (*Id.* at p. 702.)

*Tirado* reaffirmed that a defendant facing sentencing is entitled to decisions made by a court exercising its informed discretion. (*Tirado, supra,* 12 Cal.5th at p. 694, citing *People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391; see also *People v. Flores* (2020) 9 Cal.5th 371, 431.) "A court acting while unaware of the scope of its discretion is understood to have abused it." (*Tirado,* at p. 694.) Remand for resentencing is appropriate "unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' " (*Gutierrez,* at p. 1391.)

Here, Harper maintains nothing in the record indicates the trial court anticipated *Tirado*'s holding, or otherwise understood it had discretion to impose a lesser uncharged section 12022.53 enhancement; rather, according to her, the hearing indicates the court believed it had only a choice to either impose or strike the section 12022.53, subdivision (d) enhancement. She asks us to reconsider the conclusion we reached in our prior opinion: that remand was not required because the trial court was presented with a lesser sentencing option than the 25 year-to-life enhancement it declined to strike, namely, the section 12022.5, subdivision (a) enhancement, and it accordingly "had a clear indication of its authority to strike the greater firearm enhancement and impose the lesser." (*People v. Harper, supra,* D074943.)

The trial court did not have the benefit of *Tirado*'s clarification of the law and its holding that lower courts have the discretion to impose a lesser, uncharged section 12022.53, subdivision (b) or (c) enhancement where the

5

prosecution has charged the greater enhancement and the facts supporting imposition of the lesser enhancement have been alleged in the accusatory pleading and found true. (*Tirado*, *supra*, 12 Cal.5th at p. 697, see also *id*. at pp. 700-701.) Nor has it considered cases making other clarifications since *Tirado*. (E.g., *People v. Johnson* (2022) ___ Cal.App.5th ___ [2022 WL 4905411] [trial court has discretion to impose a lesser uncharged firearm enhancement under section 12022.5, subdivision (a) when it exercises its discretion to strike a section 12022.53, subdivision (b) firearm enhancement]; *People v. Fuller* (2022) ___ Cal.App.5th ___, ___ [2022 WL 4244595].) We elect to permit the trial court in the first instance to consider these clarifications and resentence Harper so as to ensure it understands and exercises the full scope of its discretionary authority with respect to the firearm enhancements. Under these circumstances, a remand for resentencing will allow the court to exercise its informed discretion. We express no view on how the court should exercise its discretion.

B. *Other Sentencing Considerations*

Harper contends that remand for resentencing is appropriate for two additional reasons. First, she argues the court must consider new mitigating circumstances as a result of changes to section 1385 made by Senate Bill No. 81 (2021-2022 Reg. Sess.). The law now requires courts to dismiss enhancements if this furthers justice. (§ 1385, subd. (c)(1), as amended by Stats. 2021, ch. 721, § 1.) The trial court must consider "and afford great weight" to evidence of specific enumerated mitigating factors in exercising its discretion to strike or dismiss a sentencing enhancement. (Stats. 2021, ch. 721, § 1.) These factors include that the enhancement could result in a sentence of over 20 years in which case "the enhancement shall be dismissed," or the current offense is "connected to" mental illness or prior

6

victimization.  (§ 1385, subd. (c)(2) (C), (D), (E), see also § 1385, subd. (c)(5), (6).)[4]  Proof of one or more of these circumstances weighs greatly in favor of dismissing the enhancement unless the court finds dismissal would endanger public safety.  (§ 1385, subd. (c)(2).)

Because the resentencing we have directed will take place after January 1, 2022, we agree the court must apply the new law (as well as any other applicable new sentencing laws) in any such proceeding.  (*People v. Sek* (2022) 74 Cal.App.5th 657, 674 [Senate Bill No. 81 must be applied in a resentencing to occur after January 1, 2022]; see also *People v. Valenzuela* (2019) 7 Cal.5th 415, 424-425 ["the full resentencing rule allows a court to revisit all prior sentencing decisions when resentencing a defendant"]; *People v. Buycks* (2018) 5 Cal.5th 857, 893 ["when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate' "].)

Second, Harper argues the court must consider whether an upper term on her stayed section 12022.5 subdivision (a) enhancement is still appropriate in light of Senate Bill No. 567 (Stats. 2021, ch. 731, § 1.3), which

---

[4]     Newly added subdivision (c) of section 1385 provides in part:  "(1) Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute. [¶] (2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present.  Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety."  (§ 1385, subd. (c); see also Sen. Bill 81, ch. 721, § 1, pp. 1-3.)  New section 1385, subdivision (c)(7) provides: "This subdivision shall apply to all sentencings occurring after January 1, 2022."

now creates a presumptive mandate for a middle term that can be overcome only if Harper admits to aggravating factors, or such factors are found true by a trier of fact beyond a reasonable doubt. (§ 1170, subd. (b)(1), (2).)[5] We agree the amendments to section 1170 apply retroactively to Harper. (See *People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299, 308; *People v. Lopez* (2022) 78 Cal.App.5th 459, 465 ["The People properly concede that Senate Bill No. 567's ameliorative amendments to section 1170, subdivision (b) apply retroactively to all cases not yet final as of January 1, 2022"].)

We need not address the latter issue further. Because we remand the matter for resentencing, Harper can present her sentence-related arguments to the trial court on remand. (Accord, *People v. Fuller*, *supra*, ___ Cal.App.5th ___ [2022 WL 4244595, at *10].) We express no view on the sentence Harper may receive under the new laws.

II. *Government Code Section 29550 Criminal Justice Administration Fee*

The court ordered Harper to pay a $154 criminal justice administration fee, also known as a "booking fee," pursuant to Government Code section 29550. Harper asks us to vacate this fee because the Legislature eliminated the statute authorizing it. We direct the trial court to vacate the fee.

---

[5]  Harper did not have a prior criminal record, a circumstance that was identified by the probation officer as one factor in mitigation. The probation report identifies three factors in aggravation: "The crime involved great bodily harm and other acts, disclosing a high degree of cruelty and callousness. After shooting the [victim] and leaving him lying on the ground to die, the defendant then covered his body with linens, pillows, boxes and luggage to conceal her crime." (Cal. Rules of Court, rule 4.421(a)(1).) "The defendant took advantage of a position of trust or confidence to commit the offense in that she was married to the victim over 10 years." (Cal. Rules of Court, rule 4.421(a)(11).) "The defendant has engaged in violent conduct which indicates a serious danger to society as evidenced by her actions in the [i]nstant [o]ffense." (Cal. Rules of Court, rule 4.421(b)(1).)

"Assembly Bill No. 1869 'abrogated the authority to impose and collect . . . the criminal justice administration fee.' [Citation.] Newly enacted Government Code section 6111 provides that '[o]n and after July 1, 2021, the unpaid balance of any court-imposed costs pursuant to . . . subdivision (c) or (f) of Section 29550 . . . is unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated.' [Citation.] In other words, 'by its plain terms,' Government Code section 6111 'make[s] any unpaid portion of the identified assessments, as they existed on June 30, 2021, "unenforceable and uncollectible" as of July 1, 2021. [Citation.]' [Citation.] Further, 'the statute . . . mandates that any portion of a judgment imposing those fees be vacated.' " (*People v. Thompson* (2022) ___ Cal.App.5th ___, ___ [2022 WL 4130708, at *28], quoting *People v. Greeley* (2021) 70 Cal.App.5th 609, 626-627.)

We agree under Government Code section 6111, the unpaid balance of the criminal justice administration fee must be vacated. (*People v. Thompson, supra,* ___ Cal.App.5th at p.___ [2022 WL 4130708, at *28].)

9

## DISPOSITION

Harper's sentence is vacated and the matter is remanded for resentencing. On remand, the trial court shall consider *Tirado*, *supra*, 12 Cal.5th 688 and whether to exercise its discretion to strike the section 12022.53, subdivision (d) firearm enhancement or to impose a lesser firearm enhancement, as well as any other new sentencing laws applicable to Harper's sentence. The court shall vacate the portion of the $154 criminal justice administration fee (Gov. Code, § 29550) that remained unpaid as of July 1, 2021 (Gov. Code, § 6011). In all other respects the judgment is affirmed.

O'ROURKE, J.

WE CONCUR:

HALLER, Acting P. J.

IRION, J.

10